THE STATE v. JOHN T. MARSHALL.

Under the statute (Hart. Dig. Art. 560) which provides "that if any person shall "wilfully and maliciously kill, main, beat or wound any horse, cattle, goat, "sheep or swine, or shall wilfully injure or destroy any other property of an- "other, he shall be punished," &c., the wilful and malicious killing of a dog is not a punishable offence.

Appeal from Fayette.

*Attorney-General*, for appellant. The appellee indicted for malicious mischief, under Article 560 of the Digest, in destroying a dog, the property of John Williams, moved to quash the indictment, and his motion being sustained, the State appealed and assigned the quashing as error.

The points presented by the motion are, 1st. That a dog is not such property as that this offence could be committed by destroying one. 2d. That the words "or any other property of another," under which alone a dog can come, are too vague and indefinite to amount to anything in addition to the living animals previously mentioned in the Act.

The first proposition is not sustained even by the authorities cited in defendant's brief; for while they assert that this animal cannot be the subject of larceny, yet they admit that he is so far the property of the owner, as that the stealing or taking him away would afford ground for redress by civil action. There is no reason growing out of this point, why he might not be, or has not been made by statute the subject of this offence. The last point, then, is, after all, the only one to be considered. 2d. The familiar instance of Blackstone (upon which defendant mainly relies,) under the rule that penal statutes must be strictly constructed, applies only to those, like the one given in the instance itself, of a highly penal character. The only question, then, is what the Legislature meant by the words we are considering. Domestic fowls, as turkeys, chickens, ducks, geese, according to defendant's argument, are not to be embraced in the statute, for they are not mentioned in the specification in the statute of animate property, and they are not, says he, included under the general words "any other property," because, he insists, those embrace only inanimate property—and so of mules. Now I conceive it fair to conclude, that the Legislature, after specifying the more usual and prominent domestic animals, determined to include all other property, animate or inanimate, under the general words.

*J. R. Burns*, for appellee. Under the well known and strict rules of interpretation of penal statutes, it is clear—1st. That in the first clause of the law, the term dog, not being therein specified *eo nomine*, is excluded, according to the rule *expressio unius est exclusio alterius.*

2d. That the words "or any other property," under which it is pretended is included the thing in question, must be rejected on account of their vagueness and generality.

3d. That if the foregoing words of the second clause are not to be disregarded *in toto*, then certainly to this extent at least, as respects any animate living thing, for the reason that provision has already been made in the preceding clause concerning it.

4th. That if under the second clause any other property could possibly stand, still it cannot cover the present case, for a dog is simply no property in law.

The first of the above conclusions is based upon an old maxim. The second is well established. In 14 Geo. II, C. 6, providing for the punishment of stealing sheep "or other cattle," the words "or other cattle," were held too general and vague to be regarded, and the remedy was found in an amendatory statute. (1 Bl. Com. 88.) If then, in the English statute, the words "or other cattle," were disregarded, *a fortiori* must the words "or any other property," in our statute be treated as surplusage—the latter being much more vague and indefinite than the former.

The third conclusion is an almost self-evident legal proposition, and needs no argument in its aid. The fourth is the language of the books. A dog is no property in law. Dogs and cats are of the class of animals *ferae naturae*, that, when reclaimed, serve for pleasure only, and not for food, and are of too base a nature to be the subject of property; and for that reason larceny cannot be committed of them. (1 Hale Pl. C. 511; 4 Bl. Com. 235–6; Roscoe Crim. Ev. 629, Ed. of 1846.)

But were all of the foregoing positions untenable and the motion to quash improperly allowed, still the demurrer to the indictment is fatal. For in relation to animals *ferae naturae* the indictment must show (which the present one does not) that either they were dead, reclaimed or confined, otherwise they must be presumed to be in their original state, and it is not sufficient to add "of the goods and chattles of such a

one." (Roscoe, Cr. Ev. 630.) Wherefore it is manifest the dismissal of the case by the lower Court is without error and its judgment should be affirmed.

WHEELER, J. The indictment was preferred under Article 560 of the Digest, and charged the defendant with having wilfully and maliciously killed a dog, the property of one John Williams. The Court quashed the indictment, and the question is, whether the killing of a dog is an offence within the statute.

By the Common Law, though a man may have such property in these animals as to entitle him to maintain a civil action for an injury done in respect of them, yet, as they are not classed among valuable domestic animals, as horses and other beasts of draught or burden ; nor among animals *domitae naturae*, which serve for food, as neat cattle, swine, poultry, and the like, the property in them is considered of so base a nature, and they are held in so little estimation, as property, that the stealing of them does not amount to the crime of larceny. (4 Bl. Com. 236 ; 1 Hale 512.) But by statute in England very severe penalties are inflicted for the crime of stealing a dog. (4 Bl. Com. 236, n.) And in some of the States, dogs are by statute placed upon the same footing as other personal property. (Whart. Am. Cr. L. Tit. " Larceny.") We have in this State no statute upon the subject. The statute upon which this indictment was framed subjects to punishment any person " who shall wilfully and malicious-"ly kill, maim, beat or wound any horse, cattle, goat, sheep " or swine, or shall wilfully injure or destroy any other pro-"perty of another." It seems probable, from the use of the words " injure or destroy," in reference to the property desig-nated by the phrase " any other property," that this latter ex-pression was intended, (as is suggested by counsel for the ap-pellee,) to include only inanimate property, to the injury or destruction of which, the terms " kill," "maim," " wound," &c., used in the preceding part of the section as descriptive of

such injuries as may be inflicted upon the animals mentioned and upon animate property only, could not properly be applied. However this may be, dogs are not mentioned in the statute; nor do they come within either class or description of the animals which are mentioned. They are not regarded by the law as being of the same intrinsic value, as property, as the animals enumerated in the statute; and cannot, we think, be brought within the prohibition under the general expression "any other property," by intendment. Nor, in point of fact, do we suppose it was intended by the law makers to include them. Had it been, they would doubtless have been included among the animals expressly enumerated. We are of opinion, therefore, that the indictment does not charge an offence known to the statute, and, consequently, that the Court did not err in its judgment, which is affirmed.

Judgment affirmed.